SHAHOOD, J.
Appellants, Eric Russell Lewis and Mary Loughran Lewis (the Lewises) were injured when the car in which they were riding was struck by a vehicle which was being chased by appellee, Officer Robert Epstein (Epstein). Epstein was employed by appellee, The Seminole Department of Law Enforcement (SDLE). The Lewises’ filed suit against Epstein and SDLE; the complaint was dismissed for lack of subject matter jurisdiction, based on the doctrine of sovereign immunity.
We affirm the dismissal of the complaint against SDLE. See Houghtaling v. Seminole Tribe of Fla., 611 So.2d 1235 (Fla.1993)(holding that Florida does not have jurisdiction in a suit by other persons against an Indian tribe absent express waiver of tribal sovereign immunity); see also Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 1702, 140 L.Ed.2d 981 (1998)(holding that “as a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity”). With regard to Epstein, however, we reverse the dismissal of the complaint because it is unclear whether he was acting within the course and scope of his employment. There is a factual dispute whether the chase began on or off of reservation property, as well as a legal question concerning Epstein’s authority to engage in a chase in order to investigate an expired license tag.[1] See e.g. City of Pinellas Park v. Brown, 604 So.2d 1222, 1226 (Fla.1992)(holding that sovereign immunity shields only those acts which are “discretionary” in nature, and not “operational”).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TAYLOR, J., and ANGELOS, CYNTHIA, Associate Judge, concur.

. Under Florida law, if the tag is expired fewer than six months, the violation is a noncriminal traffic violation. See § 320.07(3), Fla. Stat. (2000). If the tag has been expired for more than six months, the violation is a second degree misdemeanor. Id.